**Kevin C. Brague, OSB No. 050428**
kevin@braguelawfirm.com
THE BRAGUE LAW FIRM
4504 S. Corbett Avenue, Suite 200
Portland, Oregon 97239
t: 503.922.2243
f: 503.296.2046

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ELEAQIA MCCRAE,** | Case No. 6:20-cv-01489-MC |
| Plaintiffs, | |
| v. | **FIRST AMENDED COMPLAINT** |
| | (Section 1983 – First Amendment, Fourth Amendment, 42 USC § 1981, 42 USC § 1983, 42 USC § 1985, Battery, Assault, IIED, Negligence, and 28 USC § 2201, et seq., Declaratory Relief) |
| **CITY OF SALEM; MAYOR CHUCK BENNETT; CITY MANAGER STEVE POWERS; POLICE CHIEF JERRY MOORE; OFFICER KEVIN RAMIREZ; and OFFICER ROBERT JOHNSTON;** all in their Official and Individual capacities; | |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

## INTRODUCTION

1.

Pursuant to 42 USC § 1983, Plaintiff Elea McCrae alleges the deprivation of rights

guaranteed to her by the First and Fourth Amendments to the U.S. Constitution, and the right to

protest non-white citizens' not having equal benefits of all laws enjoyed by white citizens

pursuant to 42 USC § 1981 and § 1985. Elea McCrae brings pendant state law claims for battery,

Page 1 – FIRST AMENDED COMPLAINT

assault, intentional infliction of emotional distress, and negligence. She seeks declaratory relief, equitable relief, damages, and her attorney fees and litigation expenses/costs, including expert witness fees and expenses.

## JURISDICTION AND VENUE

2.

Federal Court jurisdiction exists under 28 USC § 1331 and 28 USC § 1343. Supplemental jurisdiction arises under 28 USC § 1367 for all common law and state of Oregon claims.

3.

Venue is proper in the U.S. District Court of Oregon, Eugene Division because all acts alleged herein occurred in Marion County, Oregon.

## PARTIES

4.

At all material times, Plaintiff Eleaqia ("Elea") McCrae was a resident of Washington County, Oregon and was a scholarship student athlete at Mt. Hood Community College.  She graduated from West Salem High School.

5.

The City of Salem (herein "City of Salem") is a municipal corporation which was and is a public body in Oregon and is responsible under law for the acts and omissions of its law enforcement officers, agents, and other employees, including those whose conduct is at issue herein.

/ / / /

/ / / /

Page 2 – FIRST AMENDED COMPLAINT

6.

Defendant City Manager Steve Powers (herein "Defendant Powers") is the City Manager of the City of Salem, oversees the Salem Police Department (herein "SPD") and is responsible for the administration of the government of the City of Salem including implementing legislative policy. At all times relevant herein, he was acting under color of state law and in the scope of his employment with the City of Salem.

8.

Defendant Police Chief Jerry Moore (herein "Defendant Moore") was the Chief of the Salem Police Department.  Defendant Moore was and is responsible for hiring, training, equipping, and providing leadership to Salem's police force including emergency response. Defendant Moore was the chief policy-maker for SPD. At all times relevant herein, he was acting under color of state law and in the scope of his employment with the City of Salem.

9.

Defendant Officer Kevin Ramirez (herein "Officer Ramirez") is a sworn officer employed by the Salem Police Department.  Officer Ramirez responded to the demonstration on May 31, 2020 in the City of Salem.  At all times relevant herein, he was acting under color of state law and in the scope of his employment with the City of Salem.

10.

Defendant Officer Robert Johnston (herein "Officer Johnston") is a sworn officer employed by the Salem Police Department.  Officer Johnston responded to the demonstration on May 31, 2020 in the City of Salem.  At all times relevant herein, he was acting under color of state law and in the scope of his employment with the City of Salem.

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

## STATEMENT OF FACTS

### 11.

This action arises out of the protests across the nation following the May 25, 2020 murder of George Floyd by uniformed officers with the Minneapolis Police Department. For 8 minutes and 46 seconds Minneapolis Police Officer Derek Chauvin knelt on George Floyd's neck while he cried out for help, protested that he could not breathe, and in his last moments cried out for his "Mama" before dying.  The events in Minneapolis, being within a very short time following the deaths of Breonna Taylor by police officers executing a no-knock warrant, and Ahmaud Arbery being shot to death by a white neighbor who was not arrested for 74 days after the murder, brought out hundreds of thousands of people around the country to condemn the deaths of black and brown men and women at the hands of law enforcement and vigilantes condoned by local law enforcement.  The police killed at least 229 black people since George Floyd's murder.[1]

### 12.

The City of Salem purports that it "has adopted a Title VI Plan to ensure that the City is in compliance with the provisions of Title VI of the Civil Rights Act of 1964. Title VI prohibits discrimination on the basis of race, color, or national origin in programs or activities receiving federal financial assistance."

### 13.

The purported mission of the Salem Police Department (herein "SPD") is "dedicated to keeping Salem safe by providing superior police service. As an agency, our vision is to be the recognized leader of police practices through innovation, equipment, technology, and training in

---

[1]        https://www.newsweek.com/full-list-229-black-people-killed-police-since-george-floyds-murder-1594477

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

order to fight crime, enhance trust, and protect our community." Each of SPD's officers takes an oath of office: "to the effect the person will support the Constitution and laws of the United States, and of the State, and of the Charter and ordinances of the City, and will faithfully perform the duties of such office."  Salem Revised Code, Sec. 2.475.

14.

Sometime on Saturday, May 30, 2020 Defendant City Manager Steve Powers determined that emergency conditions existed within the City of Salem and declared and State of Emergency and Emergency Order.  Defendant Powers identified the emergency: "Unlawful conduct related to the death of George Floyd have occurred throughout the United States, including Oregon. This conduct includes rioting, looting, and destruction of public and private property."  Defendant Powers identified the potential damage as: "The possibility of death and injury to persons and destruction of public and private property."  As a result of these perceived threats within the City of Salem, Defendant Powers imposed a curfew from:

a.      8:00 p.m. Saturday, May 30, 2020 to 6:00 a.m. Sunday, May 31, 2020.

b.      8:00 p.m. Sunday, May 31, 2020 to 6:00 a.m. Monday, June 1, 2020.

c.      8:00 p.m. Monday, June 1, 2020 to 6:00 a.m. Tuesday, June 2, 2020.

These actions were purportedly taken by Defendant Powers pursuant to Salem Revised Code (SRC) 2.670 and SRC 2.680(a) and (c).

15.

On Sunday May 31, 2020 Defendant Salem City Manager Steve Powers cancelled the curfew after consulting with Defendant Police Chief Jerry Moore, who also saw no indication a curfew was needed to maintain order.

Page 5 – FIRST AMENDED COMPLAINT

16.

On Sunday, May 31, 2020 Plaintiff Elea McCrae was in Salem with her family.  She saw reports of a protest happening at the Capital, which looked small and peaceful with people standing holding signs and she decided to attend with her sister and a friend.  Elea McCrae arrived at the peaceful demonstration of solidarity at about 7:30 p.m.  She stood on the sidewalk as cars drove by honking in support. After a little bit of standing and chanting empowering messages, the demonstrators began to march toward downtown Salem.  Elea McCrae marched with the demonstrators from the Oregon Capitol to the river front and then up the Center Street bridge crossing the Willamette River.

17.

At about 9:00 p.m. the demonstrators marched back towards Salem's city center.  SPD began directing the marching public by closing off roads and did not enforce Defendant City Manager Power's curfew.  The march continued back to the capitol building where the participants peacefully kneeled, exercised a moment of silence, and lay down to symbolize a defenseless body.  There was no rioting, looting, or destruction of public and private property.

18.

The marchers then got back up to resume marching taking a similar route as they did earlier in the evening.  The march was peaceful.  There was no rioting, looting, or destruction of public and private property.  After nightfall, people unrelated to the peaceful march came in from side streets, and from behind the march throwing objects into the crowd.

19.

The peaceful march came down Center Street NE heading toward Liberty Street NE when SPD, in full militarized gear with its SWAT team and SPD's six-wheeled Mine-Resistant

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

Ambush Protected vehicle (aka "MRAP" or "Bearcat").  SPD obtained the Bearcat through the Federal Defense Reutilization and Management Office, a program that authorizes the transfer of surplus military equipment to law enforcement agencies.  SPD's officers, including Officer Johnston, MRT Team, SWAT team, police vehicles, and its Bearcat were in place at Center and Liberty Street NE blocking the march from proceeding down Center Street NE.  There was no rioting, looting, or destruction of public and private property.

20.

Center Street between Liberty Street NE and High Street NE is a single block with the multi-story Salem City Center Mall brick walls lining both sides of the street.  There is no way out of this urban canyon.  Marchers in front were prevented from retreating due to the crowd behind them.

21.

The march stopped a half block away from the police line.  Elea McCrae, her sister, and some friends were at the front of the march.  Elea McCrae had nothing in her hands and was not carrying anything.  When the march was stopped by SPD there was no rioting, looting, or destruction of public and private property.  There was no violence prior to the SPD show of force.  It was a peaceful assembly.  The marchers, including Elea McCrae, linked arms, and silently knelt in the street.  The marchers and Elea McCrae then stood up.

22.

The police then began blaring their sirens and advanced on the demonstrators.  Elea McCrae then began to turn around to leave and was shot at least twice.  At least one bullet or projectile struck her chest and one bullet or projectile struck her eye.

Page 7 – FIRST AMENDED COMPLAINT

23.

SPD Officer Johnston intentionally shot "stinger" rounds or "skip" rounds (rubber projectiles) from his City of Salem Police Department issued 40mm Launcher at Black demonstrators using deadly force in violation of SPD Policy.

24.

Upon being shot in the eye, Elea McCrae instinctively reacted by holding her eye, her body bent over contracting in pain.  She took a few steps, her vision was gone, her ears were ringing.  Now blinded in one eye and unable to see out of her other eye due to SPD's use of tear gas on the peaceful march, Elea McCrae stumbled, fell, and passed out.

25.

Elea McCrae awoke hearing commotion around her.  She heard footsteps and the felt someone touch her.  She told the person "I can't see" and in response was told by a male voice "that's what you fucking get."  Elea McCrae became afraid for her safety.  She then heard another voice which identified himself by saying, "this is the Salem Police, can you stand?"  She is helped up by the officer, and Elea McCrae can now see him and two other SPD officers circling about her through her good eye.   Elea McCrae begins crying from fear and pleads, "please, i don't want to talk to you."  One of the Salem PD officers responds and states "talk or get arrested."

26.

SPD Officer Ramirez directs Elea McCrae over to a brick building.  She holds up her hands showing that she has no weapons and means no harm and moves toward the building as directed. SPD Officer Ramirez asks about her injuries.

Page 8 – FIRST AMENDED COMPLAINT

27.

Elea McCrae hears Officer Ramirez ask his colleague, an SPD medic, to come look at her.  The colleague approaches, pauses for a few seconds, and walks away,

28.

Elea McCrae begs Office Ramirez to allow her to leave and find her family.  Officer Ramirez does not let her leave.  A non-SPD EMT then walks up and an ambulance pulls up and the EMT asks Elea McCrae to come into the ambulance so he can look at her eye.  Immediately upon looking at her eye, they transport Elea McCrae to the hospital emergency room.

29.

Elea McCrae was diagnosed with an eye injury which was subsequently diagnosed with retinal hemorrhage, macular hole, commotio retinae of right eye and vitreous hemorrhage. Surgery is required to repair the damage to her eye and she now has permanent vision loss.

30.

When Elea McCrae got home from the emergency room, she laid in intense pain leading to nausea, and intense vomiting.  The next day Elea McCrae noticed another extremely painful bruise on her chest which was left from another rubber bullet that hit her.

**MUNICIPAL ALLEGATIONS**

31.

Defendants created a policy of declaring an emergency when there was no rioting, looting, or destruction of private or public property to justify the suppression of free speech and assembly.

/ / / /

Page 9 – FIRST AMENDED COMPLAINT

32.

Defendants created a policy to kettle (also known as containment or corralling) demonstrators in an area leaving them no viable exit while ordering them to leave the area. Then, Defendants deploy tear gas, baton rounds, stinger or skip rounds, pepperballs, and other munitions when the demonstrators cannot leave. These tactics make it more difficult for law-abiding protesters to comply with police officers' dispersal orders.

33.

Defendants created a policy or practice to provide unclear and confusing dispersal messages which do not reduce the concentration of persons in the area.

34.

Defendants created a policy or practice that uses a random, uncontrolled, and dangerous application of non-lethal technology that causes panic and incites counter-violence in the crowd. Defendant Moore failed to adequately train SPD employees to respond to civil disturbances.

35.

Defendants have a custom or policy of using munitions and indiscriminate force without probable cause against peaceful demonstrators while they are engaged in lawful conduct in the exercise of their First Amendment Right to expression, speech, and assembly.

36.

Defendants have a custom, practice, or policy of using deadly force when using less-lethal munitions against peaceful demonstrators.

37.

Defendants have a custom, practice, or policy of using deadly force when using less-lethal munitions against demonstrators whose skin color is Black or Brown.

Page 10 – FIRST AMENDED COMPLAINT

38.

Defendants have a custom or policy of failing to provide warnings before using chemical agents, less-lethal munitions, and injurious to deadly force against protesters.

39.

Defendants have a custom and/or policy of escalating and causing exigent circumstances which they use to justify their unreasonable use of force.

40.

The customs and/or policies listed were the proximate cause of harm to Plaintiff.

**FIRST CLAIM FOR RELIEF**

(42 USC § 1983 – First Amendment)
Against Defendants Powers, Moore, Ramirez, Johnston,
In their individual capacities

41.

Plaintiff alleges and incorporates by reference paragraphs 4 through 40 above.

42.

Under the First Amendment to the U.S. Constitution, Elea McCrae enjoys the freedom of speech and the right to peacefully assemble.  On May 31, 2020 Elea McCrae was lawfully engaged in the exercise of her First Amendment Rights of speech and lawful peaceful assembly.

43.

Defendants Powers, Moore, Ramirez, and Johnston were all state actors acting under the color of state law.

44.

Defendants used excessive force against Elea McCrae by shooting her in the eye and chest for no reason other than her in engaging in her right of free speech and lawful peaceful assembly

Page 11 – FIRST AMENDED COMPLAINT

as such rights are provided to citizens by the First Amendment to the U.S. Constitution.

45.

Defendants Powers, Moore, Ramirez, and Johnston's actions would chill a reasonable person from continuing to engage in constitutionally protected activity. Defendants' acts did, in fact, chill Elea McCrae from continuing to engage in public speech and peaceful assembly.

46.

Elea McCrae's First Amendment rights were violated when she was shot for her speech and peaceful assembly.

47.

Elea McCrae's First Amendment rights were violated when SPD Officers detained her and would not let her leave, and the SPD medic denied her medical care or assistance.

48.

As a direct and proximate result of Defendants Powers, Moore, Ramirez, and Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

49.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40, training by experts in First Amendment, Civil Disobedience, crowd de-escalation techniques, and other training that may be identified during the course of litigation.

/ / / /

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

50.

Pursuant to 42 USC § 1988, Elea McCrae is entitled to an award of her attorney fees and costs incurred in this action.

51.

Elea McCrae is entitled to an award of punitive damages from Defendants to punish and deter them and others from similar conduct in the future.

### SECOND CLAIM FOR RELIEF

(42 USC § 1983 – Fourth Amendment)
Against Defendants Powers, Moore, Ramirez, and Johnston
In their individual capacities

52.

Plaintiff alleges and incorporates by reference paragraphs 4 through 51 above.

53.

Elea McCrae was seized by Defendants Powers, Moore, Ramirez, and Johnston when Defendants intentionally through the use of physical force, shooting, and chemical agents prevented her freedom of movement.

54.

Defendants committed these acts without warning or cause and, as a result, Defendants' acts were objectively unreasonable and constituted unlawful seizure and excessive force.

55.

Elea McCrae's Fourth Amendment rights were violated when she was deliberately targeted and shot in the head causing injury to her eye and permanent loss of vision and chest.

////

Page 13 – FIRST AMENDED COMPLAINT

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

56.

Elea McCrae reasonably fears retaliation and additional harm, pain, and suffering in the future if she engages in or participates in constitutionally protected activity.

57.

As a direct and proximate result of Defendants Powers, Moore, Ramirez, and Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

58.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40, training by experts in First Amendment, Civil Disobedience, crowd de-escalation techniques, and other training that may be identified during the course of litigation.

59.

Pursuant to 42 USC § 1988, Elea McCrae is entitled to an award of her attorney fees and costs incurred in this action.

60.

Elea McCrae is entitled to an award of punitive damages from Defendants to punish and deter them and others from similar conduct in the future.

### THIRD CLAIM FOR RELIEF

(42 USC § 1983 – Monell Claims)
Against City of Salem

61.

Plaintiff alleges and incorporates by reference paragraphs 4 through 60 above.

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

62.

Defendant City of Salem created or maintained policies, customs or practices as described in paragraphs 32 through 41 above. These policies, customs or practices were created by officials with final decision-making and/or policy-making authority.

63.

The individual agents of the City of Salem followed one or more of the customs or practices as described in paragraphs 32 through 41 above.

64.

The policies, customs or practices as described in paragraphs 32 through 41 above were unconstitutional or caused the violation of Plaintiff's First and Fourth Amendment rights of the U.S. Constitution.

65.

Defendant City of Salem failed to create adequate policies which would have prevented the infringement of Plaintiff's rights under the First and Fourth Amendments of the U.S. Constitution during social justice demonstrations when the need to do so was obvious.

66.

The City of Salem also failed to adequately train their employees and agents with respect to the legal requirements of the First and Fourth Amendments as they pertain to social justice demonstrations when the need to do so was obvious.

67.

The pattern of similar constitutional violations against Elea McCrae that occurred during the community mobilization against police brutality demonstrates the deliberate indifference of the City of Salem to the rights of Elea McCrae.

Page 15 – FIRST AMENDED COMPLAINT

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

68.

As a direct and proximate result of Defendant City of Salem's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

69.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40, training by experts in the First Amendment, Civil Disobedience, the Fourth Amendment, and crowd de-escalation techniques.

70.

Pursuant to 42 USC § 1988, Elea McCrae is entitled to an award of her attorney fees and costs incurred in this action.

71.

Elea McCrae is entitled to an award of punitive damages from Defendants to punish and deter them and others from similar conduct in the future.

## FOURTH CLAIM FOR RELIEF

(42 U.S.C. § 1981)
Against Defendants Powers, Moore, Ramirez, and Johnston
In their individual capacities

72.

Plaintiff alleges and incorporates by reference paragraphs 4 through 71 above.

73.

Through their presence at the community-based movement and/or protests and documentation thereof, Elea McCrae was asserting the rights of non-white citizens to the full and

Page 16 – FIRST AMENDED COMPLAINT

equal benefit of all laws and proceedings for the security of persons and property as are enjoyed by white citizens.

74.

As described herein, individual Defendants retaliated against Elea McCrae for asserting the rights of non-white citizens to the full and equal benefit of all laws and proceedings for the security of persons and property as are enjoyed by white citizens.

75.

As a direct and proximate result of individual Defendants Powers, Moore, Ramirez, and Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

76.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40.

77.

Pursuant to 42 USC § 1988, Elea McCrae is entitled to an award of her attorney fees and costs incurred in this action.

78.

Elea McCrae is entitled to an award of punitive damages from Defendants to punish and deter them and others from similar conduct in the future.

/ / / /

/ / / /

/ / / /

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

## FIFTH CLAIM FOR RELIEF

(Battery)
Against City of Salem, and Office Johnston

79.

Plaintiff alleges and incorporates by reference paragraphs 4 through 78 above.

80.

Defendant City of Salem, through its agents, and Officer Johnston intentionally engaged in harmful or offensive contact with Elea McCrae, and were acting in the course and scope of their employment.

81.

Defendant City of Salem is responsible for the tortious conduct of their agents and employees including Officer Johnston, which caused injury to Elea McCrae.

82.

As a direct and proximate result of Defendant City of Salem's and Office Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

83.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40.

/ / / /

/ / / /

/ / / /

/ / / /

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

## SIXTH CLAIM FOR RELIEF

(Assault)
Against City of Salem and Officer Johnston

84.

Plaintiff alleges and incorporates by reference paragraphs 4 through 83 above.

85.

Defendant City of Salem's and Officer Johnston's and use of excessive, unprovoked, and unreasonable force to prevent Elea McCrae from exercising her constitutional rights was intended to cause imminent harmful and offensive contact.

86.

Defendant City of Salem is responsible for the tortious conduct of their agents and employees, which caused the injuries to Elea McCrae.

87.

Elea McCrae had reasonable apprehension and fear that the battery would occur.

88.

As a direct and proximate result of Defendant City of Salem's and Officer Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

89.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40.

/ / / /

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

## SEVENTH CLAIM FOR RELIEF

(IIED)
Against City of Salem and Officer Johnston

90.

Plaintiff alleges and incorporates by reference paragraphs 4 through 89 above.

91.

Defendant City of Salem is responsible for the tortious conduct of its agents and employees including Officer Johnston, which caused the injuries to Elea McCrae.

92.

Plaintiff Elea McCrae suffered severe emotional distress as a result of Defendant City of Salem's and Defendant Officer Johnston's intentional targeting and shooting of peaceful demonstrators who are Black or Brown.

93.

Defendant City of Salem's and Officer Johnston's conduct of intentionally targeting and shooting demonstrators who are Black or Brown is an extraordinary transgression of the bounds of socially tolerable behavior.

94.

As a direct and proximate result of Defendant City of Salem's and Office Johnston's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

95.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40.

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

## EIGHTH CLAIM FOR RELIEF

(Negligence)
Against City of Salem

96.

Plaintiff alleges and incorporates by reference paragraphs 4 through 95 above.

97.

Defendants' actions as alleged above violated the standard of care required of law enforcement officers under the circumstances. Defendants, including Officer Johnston, breached this standard of care by:

a.    Using impact weapons, including stinger rounds, on peaceful demonstrators and not to overcome a violent person;

b.    Using stinger rounds in a lethal manner;

c.    Using stinger rounds on demonstrators who were non-violent;

d.    Using stinger rounds on demonstrators who were not dangerous;

e.    Using stinger rounds on demonstrators who were not resistive or combative;

f.    Failing to document the use of stinger rounds with a use of force report including justification for use, other tools or resources used to resolve the situation, number of rounds fired, weapon number used, and final disposition of the subject;

g.    Failing to save all impact rounds that are fired at and strike any person in a field use situation and processing the rounds as evidence.

98.

Defendants' actions created an unreasonable and foreseeable risk of injury to Elea McCrae.

/ / / /

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon 97239
503.922.2243

99.

Defendant City of Salem is responsible for the tortious conduct of its agents and employees, which caused the injuries to Elea McCrae.

100.

As a direct and proximate result of Defendant City of Salem's unlawful acts, Elea McCrae has suffered physical injury (including permanent vision loss), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

101.

Elea McCrae seeks equitable relief in the form of abolition of the policies and practices described in paragraphs 31 through 40.

**NINTH CLAIM FOR RELIEF**

(Declaratory Judgment 28 USC § 2201, et seq.)

102.

Plaintiff alleges and incorporates by reference paragraphs 4 through 102 above.

103.

As described herein, Elea McCrae has established a violation of her First and Fourth Amendment rights and request a declaration thereof.

104.

Plaintiff requests that the City of Salem and its respective employees and officials take immediate steps to adhere to the requirements of the First and Fourth Amendments to the U.S. Constitution by effectuating the following:

Page 22 – FIRST AMENDED COMPLAINT

a.      The City of Salem and its officials shall change and/or supplement any written policy, official practice, or training they give to their employees, to ensure that those engaging in political speech are treated fairly and with respect and are not discriminated against or retaliated against because of their protected speech;

b.      abolition of the policies and/or practices described in paragraphs 30 through 41; and

c.      training by experts in the First Amendment, Civil Disobedience, and in the Fourth Amendment.

d.      every member of the City of Salem's Police Department assigned to the MRT or SWAT team undertake at least 40 hours of specific training in peaceful crowd control techniques (e.g. crowd control without using weapons, tear gas, or less-lethal munitions).

105.

As a direct and proximate result of Defendant City of Salem's unlawful acts, Elea McCrae has suffered physical injury (including permanent loss of vision), pain and suffering, anxiety, stress, outrage, betrayal, offense, indignity, loss of educational opportunities, and economic damages in amounts to be determined by the jury at trial.

106.

Pursuant to 42 USC § 1988, Elea McCrae is entitled to an award of her attorney fees and costs incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1.      A judgment or order declaring that Defendants' conduct violated the First and Fourth Amendments of the U.S. Constitution;

Page 23 – FIRST AMENDED COMPLAINT

2.      Damages compensating Elea McCrae for her injuries, including but not limited to economic and non-economic damages;

3.      Where applicable, an award of punitive damages consistent with the above claims against Defendants in amounts to be determined at trial;

4.      An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

5.      A judgment declaring that:

a.      Defendants and their officials shall change and/or supplement any written policy, official practice, or training they give to their employees, to ensure that those engaging in political speech are treated fairly and with respect and are not discriminated against or retaliated against because of their protected speech;

b.      Abolition of the policies and/or practices described in paragraphs 30 through 41;

c.      Training by experts in the First Amendment, Civil Disobedience, the Fourth Amendment, crowd de-escalation techniques, and any and all training that may be identified during the course of this litigation; and

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 24 – FIRST AMENDED COMPLAINT

The Brague Law Firm
4504 S. Corbett Avenue, Suite 200
Portland, Oregon  97239
503.922.2243

     d.     Every current officer of the City of Salem's Police Department and every new officer assigned to the MRT or SWAT team undertake at least 40 hours of specific training in peaceful crowd control techniques (e.g. crowd control without using weapons, tear gas, or less-lethal munitions).

6.     An award of such other and further relief as the Court deems equitable and just.

DATED this 28th day of May, 2021.

         THE BRAGUE LAW FIRM

        By */s/  Kevin C. Brague*
          Kevin C. Brague, OSB No. 050428
          kevin@braguelawfirm.com
          4504 S. Corbett Avenue, Suite 200
          Portland, Oregon 97239
          t: 503.922.2243
          f: 503.296.2046
          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **FIRST AMENDED COMPLAINT** on the party listed below by the following indicated method or methods:

Gerald L. Warren, OSB #814146
*gwarren@geraldwarrenlaw.com*
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
T: (503) 480-7250
F: (503) 779-2716

Jennifer M. Gaddis, OSB #071194
*jgaddis@cityofsalem.net*
Salem City Attorney's Office
555 Liberty Street SE, Ste. 205
Salem, OR 97301
T: (503) 588-6003
F: (503) 361-2202
Attorneys for Defendants

[X]    by electronic means through the U.S. District Court, District of Oregon's CM/ECF document filing system.

[ ]    by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the address as shown above, with the U.S. Postal Service at Portland, Oregon, on the date set forth below.

[]    by causing a full, true, and correct copy thereof  to be hand-delivered to the attorney at the attorney's last known office address listed above on the date set forth below.

[ ]    by faxing a full, true, and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below.

DATED this 28th day of May, 2021.

*/s/ Kevin Brague*
Kevin C. Brague, OSB No. 050428

Page 1 – CERTIFICATE OF SERVICE