Gerald L. Warren, OSB #814146
gwarren@geraldwarrenlaw.com
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716

Jennifer M. Gaddis, OSB #071194
jgaddis@cityofsalem.net
City of Salem Legal Department
555 Liberty St. SE, Room 205
Salem, OR 97301
   Telephone: (503) 599-6003
   Fax: (503) 361-2202
     Attorneys for Defendants City of Salem,
     Powers, Moore, Ramirez and Johnston ("City defendants")

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ELEAQIA MCCRAE, | Case No. 6:20-cv-1489-MC |
| Plaintiff, | |
| v. | **CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| CITY OF SALEM; MAYOR CHUCK BENNETT; CITY MANAGER STEVE POWERS; POLICE CHIEF JERRY MOORE; OFFICER KEVIN RAMIREZ; OFFICER ROBERT JOHNSTON; all in their official and individual capacities, | **(Request for Jury Trial)** |
| Defendants. | |

For their Answer to plaintiff's Amended Complaint, defendants City of Salem, City Manager Steve Powers, former Police Chief Jerry Moore and Officers Kevin Ramirez and Robert Johnston ("City defendants') hereby admit, deny and allege as follows:

Page 1 – **CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1.

In response to paragraph 1, these are plaintiff's legal theories and summary of claims to which no response is required.

2.

In response to paragraphs 2 and 3, these are plaintiff's jurisdictional and venue allegations to which no response is required, but City defendants do not contest jurisdiction or venue.

3.

In response to paragraph 4, City defendants are without sufficient knowledge or information to admit or deny the allegations, and on this basis, deny them at this time.

4.

In response to paragraph 5, admit that the City of Salem is a municipal corporation with all the rights, duties and responsibilities related thereto, but except as so admitted, deny the allegations.

5.

In response to paragraph 6, admit that defendant Steve Powers is the City Manager for the City of Salem and at all times was acting within the course and scope of his employment with the City of Salem. Except as so admitted, deny the allegations.

6.

In response to paragraph 8 [no paragraph 7 alleged], admit that defendant Jerry Moore was the Chief of Police for the Salem Police Department ("SPD") and oversaw the hiring, training, equipping and supervision of Salem's Police Department and at all times was acting within the course and scope of his employment with the City of Salem. Except as so admitted, deny the allegations.

7.

In response to paragraph 9, admit that defendant Officer Kevin Ramirez was and is a sworn police officer employed by the SPD and incident to his duty, responded to a demonstration on May 31, 2020 in the City of Salem and was at all times acting within the course and scope of his employment with the City of Salem.  Except as so admitted, deny the allegations.

8.

In response to paragraph 10, admit that defendant Officer Robert Johnston was and is a sworn police officer employed by the SPD and incident to his duty, responded to a demonstration on May 31, 2020 in the City of Salem and was at all times acting within the course and scope of his employment with the City of Salem.  Except as so admitted, deny the allegations.

9.

In response to paragraph 11, plaintiff's description of nationwide events prior to May 31, 2020 does not allege matters relevant to any claim or defense in this case other than to explain the background for protesters in Salem, Oregon, and City defendants lack sufficient knowledge or information as to the truth of the allegations, and on this basis, deny them.

10.

In response to paragraph 12, this is a legal conclusion to which no response is required other than City defendants admit that a Title VI plan has been adopted.

11.

In response to paragraph 13, admit that Salem Police Department's "vision statement" is as recited by plaintiff and that each Salem police officer takes an oath as required by the Salem Revised Code, but except as so admitted, deny the allegations.

///

Page 3 – **CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

12.

Admit paragraph 14.

13.

In response to paragraph 15, admit that defendant Salem City Manager Steve Powers cancelled the curfew, after consulting with defendant Police Chief Jerry Moore, because at the time of cancellation they felt the curfew was not necessary to maintain order. City defendants further admit that the curfew was later reinstated in the evening of May 31, 2020 by defendant Salem City Manager Steve Powers, after consulting with defendant Police Chief Jerry Moore when conditions made it necessary to maintain order.

14.

In response to paragraphs 16, 17 and 18, City defendants are without sufficient knowledge or information to admit or deny the allegations except to admit the crowd began to throw objects at the police but except or so admitted, deny the remainder at this time.

15.

In response to paragraph 19, admit that protesters marched down Center Street toward Liberty Street whereupon SPD personnel blocked the protesters' access to the Center Street bridge to prevent protestors from prohibiting access to the bridge for emergency vehicles and personnel and that various responsive SPD personnel were wearing protective riot gear and utilized an armored vehicle, but except as so admitted, deny the remaining allegations of paragraph 19.

16.

In response to paragraph 20, admit that Center Street between High Street and Liberty Street NE is a single block adjacent to a City Center Mall located on both sides of the street, but except as so admitted, deny the remaining allegations in paragraph 20.

17.

In response to paragraph 21, City defendants deny that it was a peaceful assembly at the time of the relevant events. City defendants lack sufficient knowledge or information to admit or deny the remaining allegations and, on this basis, deny them.

18.

In response to paragraph 22, admit that Salem police officers utilized a loudspeaker to issue dispersal orders to the crowd and that loud sirens were utilized but except as so admitted, deny the remaining allegations of paragraph 22.

19.

Deny paragraph 23.

20.

In response to paragraphs 24, 25, 26, 27 and 28, City defendants are without sufficient knowledge or information to admit or deny the allegations other than to admit that Officer Ramirez saw plaintiff lying on the side of the street and approached plaintiff to offer his assistance and to introduce himself and that Officer Ramirez assisted plaintiff out of the street to the sidewalk and nearby building wall and knew that an ambulance had been called to assist, but deny each and every other allegation alleged in these paragraphs.

21.

In response to paragraphs 29 and 30, City defendants are without sufficient knowledge or information to admit or deny the allegations and on this basis, deny them.

22.

Deny paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39 and 40.

///

23.

In response to paragraph 41, admit and deny as alleged above in response to paragraphs 4 through 40.

24.

In response to paragraphs 42 and 43, these are legal conclusions to which no response is required.

25.

Deny paragraphs 44, 45, 46, 47, 48, 49, 50 and 51.

26.

In response to paragraph 52, admit and deny as alleged above in response to paragraphs 4 through 51.

27.

Deny paragraphs 53, 54, 55, 56, 57, 58, 59 and 60.

28.

In response to paragraph 61, admit and deny as alleged above in response to paragraphs 4 through 60.

29.

Deny paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70 and 71.

30.

In response to paragraph 72, admit and deny as alleged above in response to paragraphs 4 through 71.

///

///

31.

In response to paragraph 73, City defendants are without sufficient knowledge or information to admit or deny the allegations and on this basis, deny them.

32.

Deny paragraphs 74, 75, 76, 77 and 78.

33.

In response to paragraph 79, admit and deny as alleged above in response to paragraphs 4 through 78.

34.

Deny paragraphs 80, 81, 82 and 83.

35.

In response to paragraph 84, admit and deny as alleged above in response to paragraphs 4 through 83.

36.

Deny paragraphs 85, 86, 87, 88 and 89.

37.

In response to paragraph 90, admit and deny as alleged above in response to paragraphs 4 through 89.

38.

Deny paragraphs 91, 92, 93, 94 and 95.

39.

In response to paragraph 96, admit and deny as alleged above in response to paragraphs 4 through 95.

40.

Deny paragraphs 97, 98, 99, 100 and 101.

41.

In response to paragraph 102, admit and deny as alleged above in response to paragraphs 4 through 101.

42.

Deny paragraphs 103, 104, 105 and 106.

FOR A FIRST AFFIRMATIVE DEFENSE, City defendants allege:

(Qualified Immunity)

43.

All of the individual defendants are entitled to qualified immunity from all claims against them in that their conduct did not violate any clearly established right of plaintiff under the circumstances.

FOR A SECOND AFFIRMATIVE DEFENSE, City defendants allege:

(Riot, Civil Commotion Immunity)

44.

Under ORS 30.265(6)(e), the City and its officers, employees and agents acting within the scope of their employment or duties are immune from liability from all tort claims arising from the matters alleged.

///

///

///

///

FOR A THIRD AFFIRMATIVE DEFENSE, City defendants allege:

(Good Faith Immunity)

45.

City defendants acted at all times in good faith and without malice such that the City and its officers, employees and agents are immune from liability.

FOR A FOURTH AFFIRMATIVE DEFENSE, City defendants allege:

(Apparent Authority)

46.

City defendants at all times were acting while under apparent authority and are, therefore, immune from liability under ORS 30.265(6)(f).

FOR A FIFTH AFFIRMATIVE DEFENSE, City defendants allege:

(Comparative Negligence)

47.

Plaintiff's injuries, if any, were caused or contributed to in whole or in part by plaintiff's own negligent conduct by failing to disperse the area when the protests were no longer peaceful, including the tossing of frozen water bottles with nails, glass bottles, rocks, bricks and large mortar fireworks; in failing to follow the lawfully issued directives of SPD officers; and in failing to follow lawfully issued curfew laws imposed.

///

///

////

///

///

FOR A SIXTH AFFIRMATIVE DEFENSE, City defendants allege:

(OTCA Privileges and Immunities)

48.

Plaintiff's State tort claims are subject to the Oregon Tort Claims Act, ORS 30.260 *et seq.* and the privileges, limitations and immunities contained therein not previously specifically referenced above.

FOR A SEVENTH AFFIRMATIVE DEFENSE, City defendants allege:

(Justification)

49.

If plaintiff was subject to any assault or battery, such action was justified under the circumstances when Salem police officers were recipients of violent crowd acts, including the throwing of frozen water bottles with nails, glass bottles, rocks, bricks and large mortar fireworks.

WHEREFORE, having fully responded to plaintiff's Complaint, City defendants request judgment in their favor and against plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988 and ORS 20.105.

DATED this 8th day of June, 2021.

                                                 s/ Gerald L. Warren
                                          Gerald L. Warren, OSB #814146
                                          Jennifer M. Gaddis, OSB #071194
                                          Attorneys for Defendants City of Salem,
                                          Powers, Moore, Ramirez and Johnston

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing CITY DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT on:

>Kevin C. Braque
>The Brague Law Firm
>4504 S. Corbett Ave., Ste. 200
>Portland, OR 97239
>        Attorney for Plaintiff

by the following indicated method or methods:

    [X]    by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

          by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

          by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 8th day of June, 2021.

                                                  s/ Gerald L. Warren
                                     Gerald L. Warren, OSB #814146
                                     Attorney for City defendants