# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELEAQIA MCCRAE**, | Case No. 6:20-cv-01489-IM |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF SALEM, et al.**, | |
| Defendants. | |

Kevin C. Brague, The Brague Law Firm, 4504 S Corbett Avenue, Suite 250, Portland, OR 97239. Attorney for Plaintiff.

Jennifer Gaddis, City of Salem, 555 Liberty St SE, Ste 225, Salem, OR 97301; Aaron Hisel, Law Offices of Montoya, Hisel and Associates, 901 Capitol St NE, Salem, OR 97301. Attorneys for Defendants.

**IMMERGUT, District Judge.**

  For the reasons set forth on the record at the pretrial conference on September 22, 2022, and below, the Court addresses parties' pending motions in limine. ECF 93; ECF 95.

A. **Plaintiff's Motions in Limine (ECF 95)**

1. **Motion 1 – Plaintiff moves for an order precluding any reference to Defendant as a taxpayer funded entity. FRE 401/402/403.**

GRANTED. Defendants do not object as to Defendant City of Salem, but respond that Defendant Johnston's financial circumstances may be relevant for the purpose of determining punitive damages. At the hearing, this Court concluded that Defendant Johnston is not precluded from introducing evidence or making arguments related to his financial position if necessary to assist the jury in determining punitive damages. (This Court acknowledges that Plaintiff has now moved to dismiss her claim for punitive damages.)

2. **Motion 2 – Plaintiff moves for an Order precluding any mention or inference of Plaintiff's counsel having a stake in the outcome. FRE 401/402/403.**

GRANTED. Defendants do not object to this motion.

3. **Motion 3 – Plaintiff moves for an Order excluding arguments disparaging the legal system or tort plaintiffs.**

GRANTED. Defendants do not object to the exclusion of arguments that would disparage the legal system, but respond that it would be appropriate to argue that Plaintiff has failed to prove her damages. Defendants are not precluded from contesting whether Plaintiff has proven her damages, but are instructed not to refer to a "lottery."

4. **Motion 4 – Plaintiff moves for an order precluding Defendant from testifying about any protest activities occurring on May 30, 2020 in the City of Salem or City of Portland. FRE 401/402/403.**

DENIED. This Court finds that the information known to Defendant Johnston, including the events that occurred during the prior evening, is probative of the reasonableness of Defendant Johnston's conduct.

5. **Motion 5 – Plaintiff moves for an Order precluding references to Defunding the Police/Antifa/Fascism or similar political statements. FRE 401/402/403.**

GRANTED. Defendants do not object to Plaintiff's motion, but ask the Court to likewise instruct Plaintiff against making prejudicial statements. This Court instructs both parties that they may describe the protests as "George Floyd protests," "protests following the death of George Floyd," "protests regarding racial injustice," or some similar description to aid the jury in understanding the context of the evening in question. However, both parties are prohibited from making inflammatory or political statements either through eliciting testimony or making argument.

6. **Motion 6 – Plaintiff moves for an Order precluding references to Plaintiff's family and family members that are not subject to direct or cross examination. FRE 401/402/403, FRE 602, FRE 802.**

GRANTED. Defendants do not object.

7. **Motion 7 – Plaintiff moves for an Order precluding references to Salem Police activity on May 31, 2020 after Plaintiff suffers her injury. FRE 401/402/403, FRE 602, FRE 802.**

GRANTED, except to the extent that the parties have agreed to.

8. **Motion 8 – Plaintiff moves for an Order precluding references to any post-protest summary or third-party independent assessment or review. FRE 401/402/403, FRE 47, FRE 801.**

GRANTED, except to the extent that it becomes relevant at trial as impeachment evidence and only after approaching this Court first.

9. **Motion 9 – Plaintiff moves for an Order precluding references to May 31, 2020 as a Riot, Civil Commotion, or Mob. FRE 401/402/403.**

DENIED. This Court finds that the conduct of the crowd is relevant to the lawfulness of the dispersal order, the reasonableness of Defendant Johnston's conduct, and the statutory immunity defenses under Or. Rev. Stat. 30.265(6)(e) and (f).

**10. Motion 10 – Plaintiff moves for an Order precluding any defense of Qualified Immunity. FRE 401/402/403.**

DENIED. This Court finds that Judge Michael J. McShane's Opinion and Order on Defendants' Motion for Summary Judgment, ECF 65, did not preclude Defendants from raising the defense of qualified immunity.

**11. Motion 11 – Plaintiff moves for an Order precluding reference to and evidence of Salem Revised Codes affecting time, place, manner restrictions. FRE 401/402/403.**

DENIED. This Court finds that argument regarding time, place, and manner restrictions is not an affirmative defense and thus has not been waived by Defendant. Further, this Court finds that the restrictions in question are not unconstitutional as prior restraints on speech.

**12. Motion 12 – Plaintiff moves for an Order precluding evidence that Plaintiff committed any crime, or that various statutes were reasonable for Officer Johnston to consider in using excessive force. FRE 401/402/403.**

DENIED. This Court finds that argument regarding the occurrence of criminal activity in the crowd is not an affirmative defense and thus has not been waived by Defendant. Further, this Court reiterates that the conduct of the crowd is relevant in this case.

**B. Defendants' Motions in Limine (ECF 93)**

**1. Motion 1 – An Order Dismissing Plaintiff's Negligence Claim**

GRANTED. This Court recognizes that a motion in limine is an unusual form for the dismissal of claims. Nonetheless, the case law in the District of Oregon makes clear that "a state common-law claim of negligence may be maintained separately from a § 1983 claim *only* when the negligence claim is based on facts that are different from the facts on which the § 1983 claims are based." *Whitfield v. Tri-Metro. Transp. Dist.*, No. 06-1655-HA, 2009 WL 839484, at *11 (D. Or. Mar. 30, 2009) (granting defendant's summary judgment motion on a negligence claim because it was based on the same operative facts as the § 1983 claims) (emphasis added);

*Rodrigues v. Jackson Cnty.*, No. 1:13-CV-01589-CL, 2015 WL 404577, at *4 (D. Or. Jan. 29, 2015) (same); *Woods v. Gutierrez*, No. 3:11-CV-01082-BR, 2012 WL 6203170, at *12 (D. Or. Dec. 12, 2012) (same); *Shilo v. City of Portland*, No. CV 04-130-AS, 2005 WL 3157563, at *2 (D. Or. Nov. 22, 2005) (same); *see also Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1110 (D. Or. 2013) ("[b]ecause [the plaintiff] alleges that [the defendant] committed intentional acts [in violation of § 1983] . . . the Court grants summary judgment to County Defendants on the claim that [the defendant's] conduct was negligent") (citations omitted); *Saberi v. City of Portland*, No. CV 04-1396-MO, 2006 WL 2707995, at *4 (D. Or. Sept. 18, 2006) (entering judgment in favor of city on negligence claim after bench trial, because "the negligence claim is based on the same operative facts as the § 1983 claim"). Because Plaintiff's § 1983 claims and negligence claim arise from the same set of operative facts, Plaintiff cannot proceed on both theories. Additionally, this Court finds that Plaintiff's negligence claim is insufficient as a matter of law, as Plaintiff has failed to allege any facts to support the claim.

This Court finds that the analysis may have been different with respect to whether Plaintiff's state-law battery and negligence claims can proceed. Courts in Oregon have permitted both claims to proceed at least until a plaintiff has presented her case at trial, before requiring the plaintiff to make an election. *See Denton v. Arnstein*, 197 Or. 28 (1952). Nonetheless, because Plaintiff's negligence claim is inconsistent with her § 1983 claims, this Court finds that Plaintiff cannot proceed any further on both theories and the negligence claim is dismissed.

**2. Motion 2 – An Order Limiting the testimony of Plaintiff's expert, Scott DeFoe**

GRANTED IN PART and DENIED IN PART. This Court finds that Mr. DeFoe is a qualified expert and denies Defendants' motion as to Mr. DeFoe's qualifications. However, this Court grants Defendants' motion regarding limiting Mr. DeFoe's testimony. Mr. DeFoe may not offer opinions that relate to Plaintiff's dismissed *Monell* claims—he may not opine on Defendant

City of Salem's failure to establish policies and procedures (Opinion Number 1), failure to develop Crowd Behavior, Crowd Management, Intervention, and Control Strategies (Opinion Number 2), or failure to investigate the deployment of chemical agents and less-lethal munitions (Opinion Number 6). Mr. DeFoe may opine regarding de-escalation tactics (Opinion Number 3) and provision of warnings prior to Defendant Johnston's use of force (Opinion Number 4). He may also opine on what constitutes a reasonable use of force (Opinion Number 5), but he may not opine as to what actually caused Plaintiff's injuries or offer evidence about the nature of Plaintiff's injuries, as he is not a medical expert.

3. **Motion 3 – An Order prohibiting mention of any other alleged incidents of excessive force, misconduct, lawsuits, or citizen complaints regarding the Defendants or any law enforcement witness.**

GRANTED. This Court finds that whether other protestors sustained injuries during the course of the events in question is of minimal probative value as to Defendant Johnston's conduct, and is substantially outweighed by the risk of unfair prejudice and confusion.

4. **Motion 4 – An Order prohibiting mention of indemnification of any officer by the City of Salem.**

GRANTED. Plaintiff does not object.

5. **Motion 5 – An Order directing Plaintiff's attorney not to present evidence or argue that his client "has no criminal history" or otherwise injecting character evidence into his opening argument or questioning of Plaintiff.**

GRANTED. This Court finds that Plaintiff's lack of criminal history is not relevant in this case.

6. **Motion 6 – An Order prohibiting Plaintiff or any other lay witness from testifying about other police methods they think should have been used in this case.**

GRANTED. This Court finds that lay witnesses are not qualified to opine on proper law enforcement practices.

7. **Motion 7 – An Order precluding the Plaintiff, her counsel, or any witness from making a golden rule argument or any reptilian type arguments.**

GRANTED. Plaintiff does not oppose Defendant's "golden rule" argument, but argues that "the protests of 2020 were and are justified" and that "[r]ace is at issue and is relevant because it underlies all of Plaintiff's claims." ECF 97 at 9. This Court instructs Plaintiff that whether the protests were justified is not at issue in this case. Plaintiff may not elicit testimony or make argument regarding the righteousness of the protests and may not elicit testimony from witnesses, other than the Plaintiff, about why they attended the protest in question. Moreover, Plaintiff's § 1981 claims have been dismissed, and Plaintiff may not elicit testimony or argue that Defendants targeted Plaintiff or discriminated against Plaintiff based on her race.

8. **Motion 8 – An Order excluding any evidence or reference to any "code of silence" and/or "thin blue line" among police officers.**

GRANTED. This Court grants Defendants' motion as to specific references to the "code of silence" and "thin blue line," because of the inflammatory nature of those terms. However, Plaintiff is entitled to cross-examine law enforcement witnesses about their potential bias or motive, including their relationships with other law enforcement officers and whether they would color their testimony to protect other law enforcement officers.

9. **Motion 9 – Plaintiff's witness, Dr. Andrew Westfall, must be allowed to testify as a fact witness only.**

GRANTED. Dr. Westfall is precluded from offering opinions formed outside of the course of his treatment of Plaintiff. Treating physicians are usually exempt from the expert reporting requirement. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 820 (9th Cir. 2011). However, a physician is only exempt "to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Because no expert report was provided pursuant to Fed. R. Civ. P. 26(a)(2)(B), and based on representations of counsel for Plaintiff at the pretrial

conference, Dr. Westfall may not testify about what caused Plaintiff's injury because Dr. Westfall did not form this opinion during the course of treatment.

**10. Motion 10 – Plaintiff's witness Joshua Cohen should be barred from testifying because Plaintiff is attempting to use him as an undisclosed expert and even the exhibits he is supposedly being called to testify about have not been disclosed.**

DENIED AS MOOT. Counsel for Plaintiff represented at the pretrial conference that Mr. Cohen is not available to testify at trial. As this Court instructed at the pretrial conference, Plaintiff is also precluded from introducing the exhibit created by Mr. Cohen. Plaintiff failed to disclose Mr. Cohen as an expert, and this Court finds that the exhibit created by Mr. Cohen required expertise, making it the subject of expert testimony. Therefore, the exhibit may not be admitted due to Plaintiff's failure to disclose Mr. Cohen.

**11. Motion 11 – An Order prohibiting references or theories of recovery not alleged in the complaint.**

GRANTED.

## CONCLUSION

For the reasons set forth on the record at the pretrial conference and above, parties' motions in limine, ECF 93; ECF 95, are GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 25th day of September 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge