# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**ELEAQIA MCCRAE,**

              Plaintiff(s),

    v.

**CITY OF SALEM, et al.,**

           Defendants.

Case No. 6:20-cv-01489-IM

**FINAL JURY INSTRUCTIONS**

GIVEN this 29th day of September, 2022.

Karin J. Immergut
United States District Judge

# INSTRUCTION 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

The Jury will be provided with one or more sets of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I have said or have done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION 2
## CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your

employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION 3
## CLAIMS AND DEFENSES

The plaintiff has brought three claims in this case. In Claim One, Plaintiff alleges that Officer Johnston deprived her of her First Amendment rights by shooting her in the eye and chest with a crowd control munition. In Claim Two, Plaintiff alleges that Officer Johnston deprived her of her Fourth Amendment rights by shooting her in the eye and chest with a crowd control munition. In Claim Three, Plaintiff alleges that the City of Salem is liable, through Officer Johnston's conduct, for Battery by shooting her in the eye and chest. The plaintiff has the burden of proving these claims.

Defendants deny all of Plaintiff's claims. Specifically, Defendants contend the efforts made by the City and Officer Johnston to control and disperse the crowd prior to Plaintiff's injury were reasonable under the circumstances and that plaintiff was actually injured by an object thrown by another individual in the crowd, not Officer Johnston. Defendants also raise the affirmative defenses of statutory immunity to Plaintiff's Claim Three of Battery.

# INSTRUCTION 4

## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

The plaintiff, Miss McCrae, must prove her claims by a preponderance of the evidence. The defendants, Officer Johnston and the City of Salem, must prove their affirmative defense by a preponderance of the evidence.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# INSTRUCTION 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn of testimony of any witness;

(2)　the exhibits that are admitted into evidence;

(3)　any facts to which the lawyers have agreed; and

(4)　any facts that I have instructed you to accept as proved.

## INSTRUCTION 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)　Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)　Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a

question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION 7
## EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## INSTRUCTION 8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness

personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## INSTRUCTION 9
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled

the objection, the question may have been answered, or the exhibit may have been received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and directed that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION 10
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or

        know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all

        the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION 11
## EXPERT OPINION

You have heard testimony from expert witnesses, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses. Such opinion testimony should be judged just like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all of the other evidence in the case.

## INSTRUCTION 12

## CONSTITUTIONAL CLAIMS: CLAIM ONE, FIRST AMENDMENT; CLAIM TWO, FOURTH AMENDMENT – ELEMENTS AND BURDEN OF PROOF

In Claim One, Plaintiff alleges that Officer Johnston violated her First Amendment rights. In Claim Two, Plaintiff alleges that Officer Johnston violated her Fourth Amendment rights. In order to prevail on these claims against Officer Johnston, Plaintiff must prove each of the following elements by a preponderance of the evidence:

(1)     the defendant acted under the color of state law;

(2)     the act of the defendant deprived the plaintiff of her particular rights under the United States Constitution, as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have agreed that Officer Johnston was acting under color of state law on the night in question.

If you find the plaintiff has proved each of the above elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 13, your verdict on Claim One, the First Amendment claim, should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict on Claim One, the First Amendment claim, should be for the defendant.

Likewise, if you find the plaintiff has proved each of the above elements, and if you find that the plaintiff has proved all the elements she is required to prove under Instruction 14, your verdict on Claim Two, the Fourth Amendment claim, should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict on Claim Two, the Fourth Amendment claim, should be for the defendant.

# INSTRUCTION 13

## CLAIM ONE: FIRST AMENDMENT – ADDITIONAL ELEMENTS

In Claim One, Plaintiff alleges that Officer Johnston violated her First Amendment rights by striking her in the eye and chest with less lethal munition during a protest.

Under the First Amendment, a citizen has the right to free expression, which includes the right to assembly and free expression through protest. To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

(1)     the plaintiff was engaged in a constitutionally protected activity;

(2)     the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

(3)     the plaintiff's protected activity was a substantial or motivating factor in the defendant's   conduct. A substantial or

motivating factor is a significant factor, though not necessarily the only factor.

The First Amendment protects the right to engage in political expression, including peaceful protest. Cities may constitutionally impose restrictions on the time, place, and manner of political expression, but cannot impose those regulations based solely on the content of the political expression.

You may consider as evidence the following ordinances in determining whether Officer Johnston deprived Plaintiff of her First Amendment rights:

Pursuant to Salem Revised Code 100.060, the Chief of Police may temporarily close any street, alley, or sidewalk to traffic and may direct traffic in such a manner as the Chief of Police thinks necessary for traffic regulation and traffic safety.

Pursuant to Salem Revised Code 2.470, it is the duty of all police officers to aid the Chief of Police in preserving the peace and good order of the City.

# INSTRUCTION 14

## CLAIM TWO: FOURTH AMENDMENT – ADDITIONAL ELEMENTS

In Claim Two, Plaintiff alleges that Officer Johnston violated her Fourth Amendment rights by seizing Plaintiff by striking her in the eye and chest with less lethal munition during a protest.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in responding to a protest. Therefore, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that the officer used excessive force by striking Plaintiff in the eye and chest with a less lethal munition during a protest.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officer are relevant

to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

(1)   the nature of the crowd, Plaintiff's conduct, and any crime(s) or other circumstances known to Officer Johnston at the time force was applied;

(2)   whether Plaintiff or the crowd posed an immediate threat to the safety of the officer(s) or to others;

(3)   the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(4)   the type and amount of force used;

(5)   whether it was practical for Officer Johnston to give warning of the imminent use of force, and whether such warning was given;

(6) whether there was probable cause for a reasonable officer to believe the force used would prevent or mitigate crimes involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

You may consider as evidence the following statutes in determining whether Officer Johnston used objectively reasonable force under the circumstances:

Pursuant to ORS 166.025, a person commits the crime of disorderly conduct if they obstruct traffic on a public street with the intent to cause public inconvenience, annoyance, or alarm.

Pursuant to ORS 164.255, a person commits the crime of trespass if they remain unlawfully on a public street.

Pursuant to ORS 163.208, a person commits the crime of assaulting a public safety officer if the person intentionally or

knowingly causes physical injury to a peace officer while the officer is acting in the course of official duty.

Pursuant to ORS 131.675, when five or more persons are unlawfully assembled, peace officers may command them to disperse, and if they do not immediately disperse, the officer must arrest them, and they may be punished.

Pursuant to ORS 162.247, a person commits the crime of interfering with a police officer if the person, knowing that another person is a police officer, intentionally prevents a police officer from performing their lawful duties or refuses to obey a lawful order by the police officer.

## INSTRUCTION 15
## CONSTITUTIONAL CLAIMS: CLAIM ONE, FIRST AMENDMENT; CLAIM TWO, FOURTH AMENDMENT – CAUSATION

In Claim One, Plaintiff alleges that Officer Johnston violated her First Amendment rights by striking her in the eye and chest with less lethal munition during a protest. In Claim Two, Plaintiff alleges that

Officer Johnston violated her Fourth Amendment rights by seizing Plaintiff by striking her in the eye and chest with less lethal munition during a protest. The plaintiff has the burden of showing that Officer Johnston's conduct was *the cause* of her claimed injuries. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.

"Causation-in-fact" exists where the defendant's conduct did in fact cause the plaintiff's injury.

"Proximate cause" exists when the defendant's act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury was either a direct result or a reasonably probable consequence of the act or omission.

## INSTRUCTION 16
## CLAIM THREE: BATTERY – ELEMENTS

In Claim Three, Plaintiff alleges that Officer Johnston committed Battery by striking her in the eye and chest with less lethal munition. Because Officer Johnston was an employee working in the course of his

employment for the City of Salem, the City of Salem would be liable for any unlawful conduct under this claim.

To prove Battery, the plaintiff must show by a preponderance of the evidence that:

(1)  the defendant acted, intending to cause harmful or offensive contact with the plaintiff; and

(2)  the defendant's actions directly or indirectly caused a harmful or offensive contact with the plaintiff.

A defendant acts with the intent required where either the defendant desired to cause the consequence of his actions, or the defendant believed that the consequences were substantially certain to result from his actions.

The defendant's conduct is a cause of the plaintiff's harm if the harm would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the plaintiff's harm if that harm would have occurred without that conduct.

An officer is justified in using reasonable force if the officer reasonably believes it is necessary to carry out his or her lawful duties. Additionally, with respect to the Battery claim, an officer is presumed to be acting in good faith in determining the amount of force necessary to carry out their lawful duties. Notwithstanding this presumption, the use of excessive force by a police officer in carrying out their lawful duties can give rise to liability for Battery.

## INSTRUCTION 17
## CLAIM THREE: BATTERY – AFFIRMATIVE DEFENSES

In response to Plaintiff's Claim Three, Battery, Defendants have raised the affirmative defenses of statutory immunity. Defendants must prove these defenses by a preponderance of the evidence.

1) Under Oregon law, the City and its officers are immune from liability for Battery arising out of a civil commotion, mob action, or out of any act or omission in connection with the prevention of any of that conduct.

If you find that Defendants have shown by a preponderance of the evidence that Plaintiff's claim for battery arises out of a civil commotion or mob action, then you must find for Defendants on Plaintiff's Battery claim.

2) Under Oregon law, Defendants are immune from acts done or omitted under the apparent authority of a law even if that conduct is determined to have been unconstitutional as long as the acts or omissions were done in good faith and without malice.

If you find that Defendants have shown by a preponderance of the evidence that this immunity applies, then you must find for Defendants on Plaintiff's Battery claim.

## INSTRUCTION 18
## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

Noneconomic damages are the subjective, nonmonetary losses that a plaintiff has sustained. The law does not furnish you with any fixed standard by which to measure the exact amount of noneconomic damages. However, the law requires that all damages awarded be reasonable. You must apply your own considered judgment, therefore, to determine the amount of damages. In determining the amount of noneconomic damages, if any, you should consider:

(1) the nature and extent of the injuries;

(2) the loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

(3) the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the

future.

Economic damages are the objectively verifiable monetary losses that the plaintiff has incurred or will probably incur. In determining the amount of economic damages, if any, you should consider:

(1) the reasonable value of necessary medical care, treatment, and services received to the present time;

(2) the reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

(3) the reasonable value of employment opportunities and earning capacity lost up to the present time; and

(4) the reasonable value of employment opportunities and earning capacity that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

# INSTRUCTION 19
## ABILITY TO PAY

The jury is not to consider whether any of the parties in this action has insurance or the ability to pay for any liability, loss, damage, or injury. Whether any party has insurance or the ability to pay has no bearing on the issues that you are to decide.

# INSTRUCTION 20
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION 21
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including

me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION 22
## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.