Aaron P. Hisel, OSB #161265
*aaron@montoyahisellaw.com*
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
   Telephone: 503-480-7250
   Fax: 503-779-2716

Dan Atchison, OSB #040424
*datchison@cityofsalem.net*
City of Salem Attorney's Office
555 Liberty St. SE Ste. 225
Salem, OR 97301
   Telephone: 503-588-6003
   Fax: 503-361-2202
      Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| ELEAQIA MCCRAE, | Case No. 6:20-cv-01489-IM |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 50 MOTION** |
| CITY OF SALEM, et al. | |
| Defendants. | |

**1. <u>Qualified Immunity Is A Matter Of Law For The Court</u>**: Plaintiff falsely argues that "the jury found a legally sufficient evidentiary basis to find for Plaintiff on the issue of [] denial of qualified immunity." (ECF 121, p. 2). As the Court is well aware, the issue of qualified immunity is a matter of law that the jury was not asked to determine. *Tortu v. Las Vegas Metro. Police Dep't*, 556 F3d 1075, 1083 (9th Cir 2009) (discussing role of jurors to resolve factual conflicts to allow judge to determine the legal issue of qualified immunity). That is exactly what

Page 1 – **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 50 MOTION**

happened here. Defendants properly raised and preserved this legal issue for the Court. (ECF 18, ¶ 43 (Defs' Answer); ECF 25, pp. 38-39 (Defs' MSJ); ECF 57, pp. 17-18 (Defs' MSJ Reply); Hisel Supp. Decl., Ex. 8, pp. 4-5 (Defs' Rule 50(a) and Rule 50(b) Motions)); *See also Reeves v. Teuscher*, 881 F2d 1495, 1498 (9th Cir 1989), *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F3d 951, 961 (9th Cir 2009) (regarding ability to preserve motion with even "ambiguous or inartfully" stated basis).

2. **Burden to Disprove Entitlement to Qualified Immunity Lies With Plaintiff:** Plaintiff also incorrectly asserts it is Defendants' burden to prove "their entitlement to qualified immunity" by citing to cases holding it is defendants' burden to *plead* the defense. (ECF 121, p. 2). Once the defense of qualified immunity is raised, "the plaintiff bears the burden of showing that the rights allegedly violated were clearly established." *LSO v. Stroh,* 205 F.3d 1146, 1157 (9th Cir. 2000) (internal quotation omitted). Here, Plaintiff must show it was *clearly established* before May 31, 2020, that officers violate the constitution if they use an area type crowd control munition to *disperse* a crowd mixed with actively aggressive and passive protesters. As Plaintiff's Response tacitly makes clear, no such authority – clearly established or otherwise – exists.

3. **Officer Johnston Is Unquestionably Entitled to Qualified Immunity:** Plaintiff asserts this Court erred by including on the Verdict Form, "Did Plaintiff prove by a preponderance of the evidence that Officer Johnston targeted her?" because, according to Plaintiff, "[t]he inclusion of this question is duplicative of the elements for the Fourth Amendment excessive force claim." (ECF 121, p. 4, fn 2). To the contrary, there is *no subjective* intent element in a Fourth Amendment excessive force claim. *Graham v. Connor*, 490 U.S. 386, 397 (1989) ("the 'reasonableness' inquiry in an excessive force case is an objective one: [] without regard to their underlying intent or motivation."). The jury was clearly and properly instructed that "an officer's

Page 2 – **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 50 MOTION**

subjective intent or motive is not relevant to your inquiry" on the Fourth Amendment claim. (ECF 110, Instruction 14). There is nothing duplicative about this *additional* factual determination.

Despite Plaintiff's attempts to call it "deadly" force, there was no debate at trial that the designed purpose of the Stinger round is to disperse a crowd, not to incapacitate an individual. (ECF 116-5, Plaintiff's Ex 109) ("ideal for lower threat levels such as non-compliant crowd prior to the use of more dynamic munitions" [such as pepper balls, bean bags, BIP rounds, or a taser]; "non-target specific"; "not well suited as a dynamic, high-energy single subject round for the purposes of incapacitation"). Plaintiff's expert opined that Stinger rounds could result in injury above the chest if one of the rubber balls ricochets off rough terrain. (Hisel Supp. Decl., Ex. 10, pp. 13-14) (rubber balls are "incredibly unpredictable" because they spread when they hit the ground). The jury found Officer Johnston's Stinger round struck Plaintiff, but that Officer Johnston did not target Plaintiff. (ECF 114). The jury's Special Finding on the Verdict Form is critical to Defendants' qualified immunity defense because it further distances the circumstances of this case from the ones cited by Plaintiff. None of Plaintiff's cited cases involve an officer using an area type crowd control munition (designed to *disperse* a crowd) against a crowd. No precedent establishes that it is unlawful for an officer to use an indirect crowd control munition such as a Stinger round into a crowd that unquestionably includes both active aggressors (including the person standing right next to Plaintiff who is actively in the process of throwing a smoking canister at the police at the time Plaintiff is injured) and passive protesters.

Plaintiff "must identify a case that put [Officer Johnston] on notice that his specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (emphasis added). Plaintiff did not and cannot identify such a case. The U.S. Supreme Court has repeatedly held:

> [i]t is not enough that a rule be suggested by then-existing precedent; the "rule's contours must be so well defined that it is 'clear to a reasonable officer that his

Page 3 – **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 50 MOTION**

conduct was unlawful in the situation he confronted.'" *Wesby*, 583 U. S., at ——, 138 S. Ct., at 590 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 [] (2001)). Such specificity is "especially important in the Fourth Amendment context," where it is "sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts."

*City of Tahlequah, Oklahoma v. Bond*, 42 S. Ct. 9, 11–12 (2021).

Plaintiff claims the following "body of relevant case law" can somehow be synthesized to show it is clearly established that a passive protester, standing within a crowd of protesters threating officer and public safety, has a right to be free from force caused by crowd dispersal munitions. That is not the law. Officer Johnston did not target Plaintiff with direct force. He used crowd control munitions to disperse a crowd mixed with actively aggressive and passive protesters. (ECF 121, pp. 7-10). None of the cases Plaintiff cites, individually or collectively, even come close to addressing the circumstances faced by Officer Johnston, or the type of munition used that night:

| Plaintiff's Cited Cases | Exigency | Nature of the Crowd | Type of Force |
|---|---|---|---|
| *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012) | None | Neither Plaintiff nor the crowd around him posed any threat to officer or public safety | Point-of-aim-point-of-impact (pepperball round) |
| *Deorle v. Rutherford*, 272 F3d 1272 (9th Cir 2001) | None | No crowd. Individual plaintiff that was targeted posed no threat to officer or public safety | Point-of-aim-point-of-impact (beanbag round) |
| *Mattos v. Agarano*, 661 F3d 433 (9th Cir 2011) | None | No crowd. Neither the targeted plaintiff nor her husband posed a threat to officer or public safety | Point-of-aim-point-of-impact (taser) |
| *Gravelet-Blondin v. Shelton*, 728 F3d 1086 (9th Cir 2013) | None | No crowd. Individual plaintiff that was targeted posed no threat to officer or public safety | Point-of-aim-point-of-impact (taser) |
| *Bryan v. MacPherson*, 630 F3d 805 (9th Cir 2010) | None | No crowd. Individual plaintiff that was targeted posed no threat to officer or public safety | Point-of-aim-point-of-impact (taser) |

| | | | |
|---|---|---|---|
| *Young v. Cnty. of Los Angeles*, 655 F3d 1156 (9th Cir 2011) | None | No crowd. Individual plaintiff posed no threat to officer or public safety | Targeted use of baton and pepper spray on traffic detainee |

Contrary to the above body of law, the present case involved (1) a crowd containing actively aggressive individuals threatening officer safety; (2) an exigency created by the crowd attempting to, once again, block critical infrastructure, threatening public safety; (3) an officer deploying an indirect crowd control munition designed to disperse the crowd, not to seize anyone; and (4) a plaintiff who was not targeted. If Plaintiff, a passive protester, had been targeted with an incapacitating point-of-aim-point-of-impact type munition (like a taser, beanbag shotgun, or pepperball), or if the crowd surrounding Plaintiff had been passive, the qualified immunity analysis would be different. But under the totality of circumstances faced by Officer Johnston, he is unquestionably entitled to qualified immunity. *City of Tahlequah, Oklahoma v. Bond*, 42 S. Ct. 9, 11–12 (2021).

## CONCLUSION

Defendants respectfully request this Court enter judgment in favor of Officer Johnston on Plaintiff's Fourth Amendment Claim notwithstanding the verdict.

DATED this 1st day of November, 2022.

    s/ Aaron P. Hisel
Aaron P. Hisel, OSB #161265
Dan Atchison, OSB #040424
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO RULE 50 MOTION on:

>Kevin C. Brague
>The Brague Law Firm
>4504 S. Corbett Avenue Suite 250
>Portland, OR 97239
>*kevin@braguelawfirm.com*
>    Attorney for Plaintiff

by the following indicated method or methods:

☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

☐ by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below;

☐ by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

DATED this 1st day of November, 2022.

>    s/ Aaron P. Hisel
>Aaron P. Hisel, OSB #161265
>Of Attorneys for Defendants

CERTIFICATE OF SERVICE