**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELEAQIA MCCRAE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF SALEM; ROBERT JOHNSTON, Officer; all in their Official and Individual Capacities, <br><br> Defendants-Appellees, <br><br> and <br><br> CHUCK BENNETT, Mayor; JOHN AND JANE DOES, Officers, 1-21, <br><br> Defendants. | No.   23-35207 <br><br> D.C. No. 6:20-cv-01489-IM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted August 20, 2024
Portland, Oregon

Before:  CHRISTEN and NGUYEN, Circuit Judges, and EZRA,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Eleaqia McCrae ("Appellant") filed this action under 42 U.S.C. § 1983 for declaratory relief and damages, alleging that Officer Johnston and the City of Salem ("Appellees") deprived her of her First and Fourth Amendment constitutional rights. Appellant appeals the district court's decisions granting judgment as a matter of law for Appellee Robert Johnston on qualified immunity—despite the jury verdict in her favor—and granting Appellees' motion in limine to dismiss her negligence claim against Appellee City of Salem.

Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the denial of a renewed motion for judgment as a matter of law and a district court's conclusion on state law. *See A.D. v. California Highway Patrol*, 712 F.3d 446, 452–53 (9th Cir. 2013); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). We **AFFIRM IN PART** and **REVERSE IN PART**.

The district court's post-trial order granting qualified immunity effectively nullified the jury's verdict in this case. The district court is required to "give credence" to all evidence favoring the party that prevailed at trial. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The court was free to consider other evidence only if it was "uncontradicted," "unimpeached," and offered by "disinterested witnesses." *Id.* (quotation marks omitted). The controlling standard under *Reeves* is that the court must "disregard all evidence favorable to

2

the moving party that the jury was not required to believe." *Id.* at 151.

The jury was not asked whether Officer Johnston skip-fired or direct-fired the round on the special verdict form. The district court decided, post-trial, that he had skip-fired the round in accordance with his training. We find the controlling standard did not allow the district court the leeway to make this finding. The inferences required to make this finding were not favorable to Appellant.

The jury was not required to believe Officer Johnston's testimony that he did not directly fire into the crowd, nor his testimony that he did not fire the shot that injured Appellant. Separately, Appellant offered evidence that the Stinger rounds that injured Appellant are "unpredictable," even when skip fired. Accordingly, Appellant's "direct fire" theory could not be foreclosed. On this record, the district court erred by finding, post-trial, that Officer Johnston fired a skip-shot in accordance with his training. Therefore, we conclude that the district court erred in entering judgment for Appellee Johnston on qualified immunity.

Appellees argue that they were unfairly surprised by Appellant's post-trial argument.  However, Appellees had pleaded qualified immunity, so they were on notice that in order to distinguish *Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012), they needed a finding of fact establishing whether Officer Johnston skip-fired the stinger round. *See id*. at 887 ("[A] reasonable officer should have known that the firing of the pepperball gun towards Nelson and his friends, given the

3

minimal governmental interests at stake, was in violation of Nelson's clearly established Fourth Amendment right, even when that force was applied in the larger context of crowd dispersal."); *accord Sanderlin v. Dwyer*, --- F.4th ----, 2024 WL 4033065, at *8–9 (9th Cir. 2024) (confirming *Nelson* as the clearly established law at the time of the protests).

The negligence claim was properly dismissed because Appellant was not able to point to admissible evidence supporting her negligence theory, regardless of the existing Section 1983 claim. Appellant failed to provide sufficient evidence to support her negligence claim, both in opposing summary judgment and in response to Appellees' motion in limine.

Accordingly, we need not reach the controversy regarding whether Oregon's negligence claims are inconsistent with Section 1983 claims premised on volitional conduct. The district court did not err in dismissing the state negligence claim.

Each party shall bear its own costs.

**AFFIRMED IN PART AND REVERSED IN PART.**